IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEWEY M. MOORE, JR.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-2601-L** |
| | § | |
| **INSTITUTE FOR WEALTH ADVISORS,** | § | |
| **INC.; INSTITUTE FOR WEALTH** | § | |
| **MANAGEMENT, LLC; INSTITUTE FOR** | § | |
| **WEALTH HOLDINGS, INC.; and** | § | |
| **MATTHEW D. MEDEIROS,** | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the court is Defendant Matthew Medeiros's Motion to Dismiss Pursuant to Fed. R.

Civ. P. 12(b)(2) ("Motion") (Doc. 4), filed November 7, 2019.  On August 3, 2020, the Findings,

Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 12) was

entered, recommending that the court grant the Motion.  On August 17, 2020, Plaintiff filed

objections to the Report (Doc. 13).

In his four-page response to the Motion, Plaintiff relied solely on his pleadings and the

declaration that Matthew Medeiros ("Medeiros") filed in conjunction with his Motion.  The briefing

in support of Plaintiff's objections to the Report is twice as long.  In addition, Plaintiff relies on

evidence not previously presented to the magistrate judge in responding to the Motion.  Specifically,

Plaintiff submitted his own three-page declaration; a copy of a letter dated July 3, 2019, from

Plaintiff's lawyer to Medeiros; and the declaration of Greg Syler in attempt to address the deficiency

**Order - Page 1**

noted in the Report—that "Plaintiff did not sufficiently allege facts to establish that his causes of action against Medeiros arose out of the latter's forum-related contacts." Report 8 (citation omitted).

In resolving objections to the magistrate judge's recommended disposition of a dispositive motion, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C). When a party presents new evidence for the first time in objections to a magistrate judge's report and recommendation, it is within the district court's discretion whether to consider such newly presented evidence. "Litigants may not, however, use the magistrate judge as a mere sounding-board for the sufficiency of the evidence." *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003) (quoting *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir.1998)). In deciding whether to consider new evidence, district courts consider and weigh the following factors:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when [he] responded to the [] motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*Performance Autoplex II Ltd.*, 322 F.3d at 862 (quoting *Freeman*, 142 F.3d at 853).

Consideration of these factors does not weigh in favor of considering Plaintiff's new evidence. Plaintiff offers no explanation for not submitting the evidence he now relies on in responding to Medeiros's Motion until after the magistrate judge issued her recommended disposition for the Motion. Medeiros is only one of four Defendants sued in this case. Medeiros, along with the other Defendants, is only alleged to be liable for three of the eight claims asserted by Plaintiff. The import of the new evidence to Plaintiff's claims is not clear. Both declarations are dated August 17, 2020, and the letter is dated July 3, 2019. The letter and declarations all refer to

Order - Page 2

matters that occurred long before Medeiros filed his Motion and before Plaintiff sued Defendants in state court in September 2019. Thus, absent information to the contrary, the court determines that the new evidence was previously available to Plaintiff when he responded to the Motion. Further, given Plaintiff's unexplained and lengthy delay in coming forward with the new evidence, the court also determines that Medeiros would be unfairly prejudiced if the court considered the evidence at this late juncture, whereas the same cannot be said of Plaintiff, as his claims against Medeiros at most would be dismissed without prejudice if the court grants Medeiros's Motion. Accordingly, the court will not consider the new evidence in ruling on the Motion or Plaintiff's objections, to the extent it includes information not previously relied on by Plaintiff in responding to Medeiros's Motion. Further, while Plaintiff also relies on his Original Petition in objecting to the Report, the court concludes, for essentially the same reasons noted by the magistrate judge, that Plaintiff's pleadings are insufficient to satisfy his burden of establishing that the court has personal jurisdiction over Medeiros.

Having considered the Motion, briefs, evidence submitted in conjunction with the Motion, pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Defendant Matthew Medeiros's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (Doc. 4); **dismisses without prejudice** all claims by Plaintiff against Matthew Medeiros in this action for lack of personal jurisdiction; and **overrules** Plaintiff's objections to the Report.

Order - Page 3

**It is so ordered** this 19th day of August, 2020.


Sam A. Lindsay
United States District Judge